**In re CF AND L INCORPORATED, Debtor.**

No. 97–84458.

United States Bankruptcy Court, C.D. Illinois.

April 15, 1999.

Gary T. Rafool, Peoria, IL, for debtor.

694

Jeffrey Rock, Hasselberg, Rock, Bell & Kuppler, Peoria, IL, for Gail Casey.

Charles C. Covey, Peoria, IL, trustee.

## *OPINION*

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Gail L. Casey (CASEY) was one of the Debtor's principals. As the Debtor's President, she signed the Debtor's Bankruptcy petition and schedules. Although she was listed as a codebtor on a bank loan to the Debtor, she was not originally listed as a creditor in the schedules. She was listed on the mailing matrix and received notification of the commencement of the Debtor's case, the first meeting of creditors, and the claims bar date. She testified on behalf of the Debtor at the first meeting of creditors.

The claims bar date expired on April 9, 1998. On December 14, 1998, she filed a proof of claim. The Trustee objected to her claim as being late filed. She contends that when the Debtor filed she believed the bank loan had been made to the Debtor with her personal guaranty, when in fact the Bank made the loan to her with the money going to the Debtor, and when the true nature of the loan was discovered, she filed the proof of claim.

■ The Trustee is correct that § 726 of the Bankruptcy Code, 11 U.S.C. § 726, controls and that CASEY's claim was late filed. The time for filing a claim in a Chapter 7 case cannot be extended where proper notice of the claims bar date is given. Untimely filed claims are allowed and paid in accordance with the priorities set out by § 726(a). Under § 726(a)(2)(C), a late filed claim shares with timely filed claims if:

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a

proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim....

It is knowledge of the bankruptcy case, and not knowledge of a particular claim, that is key under § 726(a)(2)(c).

■ In this case, CASEY had knowledge of the bankruptcy case in time to file a proof of claim, but didn't. The fact that she legally misconstrued the relationship between herself, the Debtor and the Bank does not excuse her late filing. She had all the information involving the loan at her disposal. Just as any arms length creditor, she had the responsibility to determine the exact legal relationship and file a proof of claim within the claims bar date. Furthermore, her argument is specious in that regardless of whether she made the loan direct or merely guaranteed it, she had a claim against the Debtor that had to be filed within the claims bar date.

Her reliance on the cases cited by her is misplaced in that the issue in those cases was whether a creditor had "notice or actual knowledge" of the bankruptcy in time to file a claim. CASEY did receive notice and she failed to act.

This Opinion is to serve as findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.